# Exhibit A

 **CT Corporation**

**Service of Process Transmittal**
01/16/2014
CT Log Number 524233338

**TO:**  Janet Hogan, janet.hogan@hillshirebrands.com
The Hillshire Brands Company
400 S. Jefferson Street
Chicago, IL 60607

**RE:**  **Process Served in Michigan**

**FOR:**  Sara Lee Food & Beverage (Assumed Name) (Domestic State: MD)
The Hillshire Brands Company (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Gail Bahr, Pltf. vs. Sara Lee Food and Beverage, Dft. Name discrepancy noted. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Proof of Service, Complaint and Demand |
| **COURT/AGENCY:** | 14th Circuit Court, Muskegon County, MI Case # 1449309CD |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - On the basis of age, race and gender - Wrongfully terminated on August 9, 2011 |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Bingham Farms, MI |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 01/16/2014 postmarked on 01/13/2014 |
| **JURISDICTION SERVED :** | Michigan |
| **APPEARANCE OR ANSWER DUE:** | Within 28 days |
| **ATTORNEY(S) / SENDER(S):** | Douglas M. Hughes, PLLC. Williams Hughes, PLLC 120 W. Apple Ave. P.O. Box 599 Muskegon, MI 49443 231-726-4857 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/17/2014, Expected Purge Date: 01/22/2014 Image SOP Email Notification, Janet Hogan janet.hogan@hillshirebrands.com Email Notification, Mary Stoxstell mary.stoxstell@hillshirebrands.com |
| **SIGNED:** **PER:** **ADDRESS:** | The Corporation Company Stephanie Hendrickson 30600 Telegraph Road Suite 2345 Bingham Farms, MI 48025-5720 |
| **TELEPHONE:** | 248-646-9033 |

Page 1 of  1 / LA

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



W|H **WILLIAMS** |**HUGHES** PLLC
ATTORNEYS

120 W. APPLE AVENUE  P.O. BOX 599
MUSKEGON, MICHIGAN  49443-0599



**CERTIFIED MAIL**

7010 2780 0001 1127 2630



UNITED STATES POSTAGE
$ 006.31⁰
02 1P
0004644323   JAN 13  2014
MAILED FROM ZIP CODE 49440

The Corporation Company
30600 Telegraph Rd., Ste. 2345
Bingham Farms, MI  48025

4802535720  C003



# WILLIAMS | HUGHES PLLC
## ATTORNEYS

THEODORE N. WILLIAMS, JR.
DOUGLAS M. HUGHES

SUSAN M. FRANKLIN
ERIC C. GRIMM**
ENRIKA L.F. MCGAHAN

*Of Counsel:*
FRED C. CULVER JR.
MICHAEL I. KLEAVELAND
L. JAMES LEMMEN, MD*
DAVID B. MERWIN
*Also Admitted in CO
**Also Admitted in Texas, D.C.*

120 W. APPLE AVENUE   P.O. BOX 599   MUSKEGON, MICHIGAN   49443-0599
*ph* 231.726.4857   *fax* 231.727.2130
*web site:* WWW.WILLIAMSHUGHESLAW.COM   *e-mail:* LAWYERS@WILLIAMSHUGHESLAW.COM

January 13, 2014

The Corporation Company
30600 Telegraph Rd., Ste. 2345
Bingham Farms, MI   48025

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Re:   Gail Bahr v. Sara Lee Food and Beverage
      Circuit Court Case No. 14-49309-CD
      Our File No. 14252-001

Gentlemen:

Enclosed please find the Summons and Complaint and Jury Demand regarding the above
referenced matter.

Sincerely,

Douglas M. Hughes
(Direct Dial 727-2119)
E-mail:  doughughes@williamshugheslaw.com

DMHrt
Encs.

W|H

Approved, SCAO

| | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>14th JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS AND COMPLAINT | CASE NO.<br>14- 49369 -CD |
|---|---|---|

**Court address** Hall of Justice, 990 Terrace Street, Muskegon, MI 49442

**Court telephone no.** (231) 724-6251

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| GAIL BAHR<br>1279 Marcoux<br>Muskegon, MI 49442 | v | SARA LEE FOOD AND BEVERAGE<br>Registered Agent: The Corporation Company<br>30600 Telegraph Rd., Ste. 2345<br>Bingham Farms, MI 48025 |

Plaintiff's attorney, bar no., address, and telephone no.
Douglas M. Hughes (P-30958)
Susan M. Franklin (P-66047)
120 W. Apple Ave., P.O. Box 599
Muskegon, MI 49443-0599
(231) 726-4857

**THIS CASE ASSIGNED TO
JUDGE WILLIAM C. MARIETTI**

**SUMMONS** **NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>1-3-14 | This summons expires<br>4-4-14 | Court clerk<br>*Nancy A Waters* /JA |
|---|---|---|

*This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village)<br>Muskegon County, MI | Defendant(s) residence (include city, township, or village)<br>Muskegon County, MI |
|---|---|

Place where action arose or business conducted
Ottawa County, MI

01/02/2014
Date

Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (3/08) **SUMMONS AND COMPLAINT** MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

| PROOF OF SERVICE | SUMMONS AND COMPLAINT |
| --- | --- |
| | Case No.    14- |

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE** | OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
| --- | --- | --- |
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:   (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that:   (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____

List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
| --- | --- | --- |
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
| --- | --- | --- |
| | | |
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Mileage fee $ | Total fee $ |
| --- | --- | --- | --- |

Signature _____

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____ , _____ County, Michigan.
Date

My commission expires: _____     Signature: _____
Date                                              Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____

Attachments

_____ on _____
Day, date, time

_____ on behalf of _____

Signature

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF MUSKEGON

GAIL BAHR,

                    Plaintiff,

vs.

SARA LEE FOOD AND BEVERAGE,

                 Defendant.

_____/

Douglas M. Hughes (P30958)
Susan M. Franklin (P66047)
Williams Hughes, PLLC
Attorney for Plaintiff
120 W. Apple Avenue
Muskegon, Michigan 49443-0599
Telephone: 231.726.4857

_____/

Case No. 14- __49309__ -CD

HON. _____

**THIS CASE ASSIGNED TO
JUDGE WILLIAM C. MARIETTI**

## **COMPLAINT AND JURY DEMAND**

      NOW COMES Plaintiff in the above titled matter, by and through her attorney, Douglas M. Hughes of Williams Hughes. and herewith complains against Defendant as follows:

      1.    This is an action for age, race and gender discrimination pursuant to the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.*, and the common law of the State of Michigan.

      2.    Plaintiff, an African-American female, was born on July 1, 1958, and is a resident of Muskegon County, Michigan.

      3.    Defendant is a Maryland corporation doing business in Muskegon County.

      4.    The events giving rise to this cause of action occurred in Ottawa County, Michigan.

1

5.      The amount in controversy exceeds $25,000, exclusive of interest, costs, and attorney fees.

6.      Plaintiff began her employment with Defendant in August of 1984 as a assembly worker.

7.      Over the 26 years of her employment with Defendant, Plaintiff served in a variety of positions, including data entry clerk and assistant buyer.

8.      About 2002, Plaintiff was promoted to maintenance supervisor.

9.      About 2010, the Defendant placed a new supervisor over the Plaintiff, a white male named Darrell Nackers.

10.     At that time, Plaintiff was the only African-American female in a management position in the maintenance department.

11.     As Defendant's agent and employee, Mr. Nackers moved Plaintiff's office, changed her hours of employment, changed her job title from maintenance supervisor to purchasing agent, and assigned some of her duties to create a position for an unqualified white male employee.

12.     Prior to 2010, throughout her employment with Defendant, Plaintiff received consistently high marks to earn regular bonuses.

13.     Prior to 2010, Plaintiff's work performance was always satisfactory or above in performance reviews.

14.     On August 9, 2011, Plaintiff was notified that she was terminated from her employment.

2

15. When she was terminated, Plaintiff was 53 years old and one of the oldest employees in the maintenance department and was the only African-American female in the maintenance department.

16. An unqualified white male employee given some of Plaintiff's duties and responsibilities prior to her termination, and a younger white female replaced Plaintiff for the remaining duties and responsibilities.

### COUNT I – WRONGFUL DISCHARGE DUE TO AGE DISCRIMINATION

17. Plaintiff incorporates by reference paragraphs 1 through 16.

18. At all material times, Plaintiff was an employee, and Defendant was her employer, covered by and within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101, *et seq.*

19. Plaintiff's age was at least one factor that made a difference in Defendant's decision to terminate Plaintiff from her employment.

20. Had Plaintiff been a younger person, she would not have been terminated.

21. Defendant, through its agents, representatives, and employees, was predisposed to discriminate on the basis of age and acted in accordance with that predisposition.

22. Defendant, through its agents, representatives, and employees, treated Plaintiff differently from similarly situated younger employees in the terms and conditions of employment, based on unlawful consideration of age.

23. Defendant's actions were intentional in disregard for Plaintiff's rights and sensibilities.

24. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, loss of earnings and earning

3

capacity; loss of career opportunities; humiliation and embarrassment; mental and emotional distress; and loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice.

### COUNT II – WRONGFUL DISCHARGE DUE TO RACIAL DISCRIMINATION

25.    Plaintiff incorporates by reference paragraphs 1 through 24.

26.    At all material times, Plaintiff was an employee, and Defendant was her employer, covered by and within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101, *et seq.*

27.    Plaintiff's race was at least one factor that made a difference in Defendant's decision to terminate Plaintiff from her employment.

28.    Had Plaintiff not been an African-American person, she would not have been terminated.

29.    Defendant, through its agents, representatives, and employees, was predisposed to discriminate on the basis of race and acted in accordance with that predisposition.

30.    Defendant, through its agents, representatives, and employees, treated Plaintiff differently from similarly situated white employees in the terms and conditions of employment, based on unlawful consideration of race.

31.    Defendant's actions were intentional in disregard for Plaintiff's rights and sensibilities.

32.    As a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, loss of earnings and earning capacity; loss of career opportunities; humiliation and embarrassment; mental and emotional

4

distress; and loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice.

### COUNT III – WRONGFUL DISCHARGE DUE TO GENDER DISCRIMINATION

33.     Plaintiff incorporates by reference paragraphs 1 through 32.

34.     At all material times, Plaintiff was an employee, and Defendant was her employer, covered by and within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101, *et seq.*

35.     Plaintiff's gender was at least one factor that made a difference in Defendant's decision to terminate Plaintiff from her employment.

36.     Had Plaintiff been male, she would not have been terminated.

37.     Defendant, through its agents, representatives, and employees, was predisposed to discriminate on the basis of age and acted in accordance with that predisposition.

38.     Defendant, through its agents, representatives, and employees, treated Plaintiff differently from similarly situated male employees in the terms and conditions of employment, based on unlawful consideration of gender.

39.     Defendant's actions were intentional in disregard for Plaintiff's rights and sensibilities.

40.     As a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, loss of earnings and earning capacity; loss of career opportunities; humiliation and embarrassment; mental and emotional distress; and loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice.

## COUNT IV – DISCHARGE AGAINST PUBLIC POLICY

41.     Plaintiff incorporates by reference paragraphs 1 through 40.

42.     While Plaintiff was employed by Defendant, Defendant's policies and procedures, which were reasonably related to equal employment opportunity and affirmative action, instilled legitimate expectations of just-cause employment in Defendant's employees, including Plaintiff.

43.     Plaintiff reasonably relied on these policies and procedures and, as a result, legitimately expected that she could be involuntarily terminated only for a reason not in violation of the Employer's stated policies.

44.     As a result of Defendant's termination of Plaintiff's employment, Defendant interfered with the legitimate expectation of employment that Defendant had instilled in Plaintiff.

45.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered depression, emotional and physical distress, mental anguish, loss of reputation, humiliation and embarrassment, and the physical manifestations of these problems and will suffer these problems in the future.

46.     As a further direct and proximate result of Defendant's breach of duty, Plaintiff has been placed in financial distress; has suffered loss of wages and benefits, earning capacity, and ability to work; and will suffer these losses in the future.

PLAINTIFF REQUESTS that this Honorable Court enter judgment against Defendant as follows:

A.      Compensatory damages in whatever amount above $25,000 she is found to be entitled;

B.      Exemplary damages in whatever amount above $25,000 she is found to be entitled;

C.      An award of lost wages and the value of fringe benefits, past and future;

D.      An award of interest, costs, and reasonable attorney fees;

E.      An order enjoining Defendant, its agents, representatives, and employees from

further acts of discrimination or retaliation;

F.      An order reinstating Plaintiff to the position she would have held if Defendant had

not discriminated; and

G.      An order awarding whatever other equitable relief appears appropriate at the time

of final judgment.

                                WILLIAMS HUGHES, PLLC


Dated: January 2, 2014                  By: _____
                                            Douglas M. Hughes (P30958)
                                            Susan M. Franklin (P66047)
                                            Attorney for Plaintiffs
                                            120 W. Apple Ave., P.O. Box 599
                                            Muskegon, MI 49443-0599
                                            (231) 726-4857


                                **JURY DEMAND**

Plaintiff Gail Bahr hereby demands a trial by jury.

                                WILLIAMS HUGHES, PLLC


Dated: January 2, 2014                  By: _____
                                            Douglas M. Hughes (P30958)
                                            Susan M. Franklin (P66047)
                                            Attorney for Plaintiffs
                                            120 W. Apple Ave., P.O. Box 599
                                            Muskegon, MI 49443-0599
                                            (231) 726-4857


                                        7